UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FENTON J. CARSTARPHEN, | : | |
| Petitioner, | : | Civ. No. 14-4596 (RBK) |
| v. | : | **OPINION** |
| CAMDEN COUNTY CORRECTIONAL FACILITY WARDEN, | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a pretrial detainee currently detained at the Camden County Correctional Facility in Camden, New Jersey. He is proceeding *pro se* with this action that the Court has construed as a habeas petition. Petitioner requests that this Court intervene in his state criminal proceedings and dismiss the case as his constitutional rights have been violated. On August 13, 2014, the Court administratively terminated this federal action as petitioner had failed to pay the $5.00 filing fee or submit a complete application to proceed *in forma pauperis*. On September 3, 2014, the Court received plaintiff's application to proceed *in forma pauperis*. Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be dismissed without prejudice.

## II.    BACKGROUND

Petitioner states that he was arrested on March 30, 2014, on domestic charges. His wife was the purported victim. He states that the criminal charges he is facing are false and violate his due process rights. Based on petitioner's statements in his habeas petition, it appears as if

petitioner was awaiting trial on these domestic charges at the time his filed his habeas petition as he indicates that a trial date was set for August 4, 2014 (petitioner filed this habeas petition in July, 2014). He seeks to have this Court intervene on his behalf in the state court criminal proceedings and dismiss all of the charges against him as they are fraudulent. Petitioner further claims that he has a right to the grand jury minutes.

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

*See also* Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

The Clerk initially characterized this case as a habeas petition under 28 U.S.C. § 2254. However, because petitioner is seeking pretrial relief, it is more appropriate to characterize it as a habeas petition under 28 U.S.C. § 2241. *See Smith v. Pennsylvania State Attorney Gen.*, No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment, therefore petition cannot proceed under § 2254, but can under § 2241), *report and recommendation adopted by*, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila v. New Jersey*, No. 07-3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007). Indeed, federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against that individual in state court. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). Addressing whether and when a federal court should ever grant a pretrial writ of habeas corpus to a pretrial state detainee, the United States Court of Appeals for the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443; *see also Johnston v. Artis*, No. 13-6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis*, No. 10-1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010).

Petitioner requests that this Court grant him pretrial habeas relief on the grounds that his indictment is fraudulent as are the state criminal charges he is facing. Furthermore, he claims that his due process rights have been violated as he has not been awarded minutes to the grand jury testimony.

Petitioner has not exhausted his state court remedies on these claims. Indeed, plaintiff states that his trial was about to commence at the time he filed his habeas petition in this Court. Furthermore, such claims by petitioner do not allege any extraordinary circumstances that would justify this Court's exercise of habeas relief. There is no basis for this Court to intervene in petitioner's state criminal proceedings at this time. This action appears to be an attempt by petitioner to litigate constitutional defenses prematurely in federal court. It is improper at this time to raise these claims in this fashion and such claims do not constitute extraordinary circumstances. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). The proper procedure is for petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts. If he is unsuccessful (and by that time a criminal judgment has been entered against him), petitioner can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Scheffler v. Brothers*, No. 13-0993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (noting that proper procedure where pretrial detainee was arguing that he should be released in a § 2241 petition due to a lack of probable cause for arrest was to exhaust his constitutional claims before all three levels of New Jersey state courts and then present them in federal court in a § 2254 habeas petition); *Bey v. Cohen*,

No. 13-1301, 2013 WL 948613, at *2 (D.N.J. Mar. 11, 2013) (noting where pretrial detainee raised constitutional claims in § 2241 petition, including false arrest, proper procedure was to have petitioner exhaust his constitutional claims before all three levels of New Jersey state courts then present them in federal court in a § 2254 habeas petition). Indeed, in *Moore*, the Third Circuit noted in the context of analyzing a speedy trial claim that:

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These available procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

515 F.2d at 449.

Additionally, it is worth noting the applicability of the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine in this case. Under the *Younger* abstention doctrine, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). "For the *Younger* abstention to apply, three conditions must be satisfied: (1) state-court proceedings must be ongoing and judicial in nature; (2) the state-court proceedings must implicate important state interests; and (3) those proceedings must afford an adequate opportunity to raise federal claims." *Hill v. Barnacle*, 523 F. App'x 856, 857-58 (3d Cir. 2013) (per curiam) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005))). "If all three prongs of the *Younger* analysis are met, federal courts should abstain unless there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention

inappropriate.'" *Id.* at 858 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

In this case, based on the statements in the petition, petitioner is in the midst of proceedings on his criminal charges in state court. Thus, these ongoing state criminal proceedings certainly implicate important state interests. Furthermore, petitioner has the opportunity to raise his constitutional claims in any state direct appeal and/or post-conviction relief petition he may elect to file. Accordingly, *Younger* abstention also leads the Court to conclude that dismissal of the habeas petition is appropriate. *Accord Smith*, 2011 WL 6012976, at *2 (applying *Younger* abstention to pretrial detainee's habeas corpus petition that argued that more than 180 days had passed since his arrest without him bring brought to trial in violation of the Pennsylvania Rules of Criminal Procedure, challenging his continued detention without bail and that he is innocent of the charges brought against him); *Wiggins*, 2010 WL 3909873, at *3 n.4 (applying *Younger* abstention to pretrial detainee's § 2241 habeas petition that alleged that the charges against him were false, that he is innocent and that excessive force was used by the police officers during the arrest without provocation).

Therefore, the habeas petition will be dismissed without prejudice as petitioner's claims are not properly brought before this Court at this time. Furthermore, pursuant to 28 U.S.C. 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability an appeal may not be taken to the court of appeals from "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice. An appropriate order will be entered.


DATED:     September 19, 2014

                                               s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge